required by said order, and has paid alimony as required by the final decree up to January 28, 1912.

On the 10th day of June, 1912, the defendant was surrendered by the surety to the sheriff of the county of New York, and is now in the custody of the said sheriff. On April 26, 1912, an action was commenced in the City Court of the City of New York by the plaintiff against said surety upon said undertaking. The surrender of the defendant by the bail was made some 45 days after such action was commenced, and was not made before the time to answer therein expired, and no further time to make such surrender had been granted by order of court before surrender was actually made. Defendant now moves for an order discharging him from arrest upon the order of the court, dated November 30, 1910, and releasing him from the custody of the sheriff of the county of New York, upon the ground that his surrender and his detention by the sheriff thereafter is illegal.

Section 591 of the Code of Civil Procedure provides that, except in an action to recover a chattel, bail may surrender the defendant in their own exoneration before the expiration of the time to answer in an action against them. The surrender of the defendant here was not made within the time so limited, nor was the time to make surrender extended by order as permitted by section 601. An action against the bail was commenced on April 26, 1912. The plaintiff seeks a double relief, viz., to hold the bail because the defendant was not surrendered, and to hold the body of the defendant because he was. This is not permissible. Her remedy is against the bail alone. Baker v. Curtis, 10 Abb. Prac. 279. The defendant, it is true, has concededly failed to comply with the order of the court, and if his application were addressed to the discretion of the court, to be relieved in whole or in part from liability for such noncompliance, such application might well be denied (Merrifield v. Merrifield, 151 App. Div. 931, 136 N. Y. Supp. 87, App. Div., First Dept., June 22, 1912); but his motion here is based upon the assertion of strict legal right, and upon establishing that right, which I am satisfied he has done, he must be accorded the relief asked.

Motion granted. Settle order on notice.

---

(154 App. Div. 854.)

MURDOCK v. McCUTCHEN et al.

(Supreme Court, Appellate Division. Second Department. January 10, 1913.)

1. DISCOVERY (§ 95*)—PERSONS FROM WHOM DISCOVERY MAY BE HAD.
   One may not have discovery and inspection of records which are the property of and in possession of another than the one against whom is the cause of action; but the remedy is by subpœna duces tecum.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 121; Dec. Dig. § 95.*]

2. DISCOVERY (§ 94*)—PERSONS ENTITLED TO DISCOVERY—SUBROGATION.
   Plaintiff, having a cause of action against the executors of a deceased member of a firm, may not have discovery and inspection of records which are the property of the surviving partners, on the theory of subrogation to the rights of the executors; the only right of discovery and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inspection which the executors have being incidental to an accounting by the survivors to the executors.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 120; Dec. Dig. § 94.*]

Appeal from Special Term, Kings County.

Action by Harvey Murdock against Charles W. McCutchen and others, composing the firm of Holt & Co. (said McCutchen being also sued as sole surviving member of the former firm of Holt & Co.), and Thomas D. Leeming and another, executors of Leonard J. Busby, deceased. Defendants Philetus H. Holt and William L. Ammerman, members of said firm, demurred to the complaint. Defendants Leeming and Brooklyn Trust Company, executors, moved for judgment on the pleadings. Demurrer sustained, and motion granted, and plaintiff appeals. Affirmed.

The following is the opinion of Blackmar, J., at Special Term.

The situation, as I see it, is this: There are in the books belonging to Holt & Co., certain entries which are evidence in the action now pending in this court, in which the present plaintiff is plaintiff and the personal representatives of a Mr. Busby, a deceased partner of Holt & Co., are defendants. As between the plaintiff and the defendants in the other action, plaintiff has the right of discovery and inspection of these records. This right has been adjudged in that action, and an order entered to that effect and sustained upon appeal. The order, however, is ineffective, because the records are in the possession of the new firm of Holt & Co., who are not subject to the order in the other action. The books which contain these entries are the property of that firm, and, as against the members of that firm, the plaintiff has no rights, except the right which every litigant has to secure evidence wherever it exists.

[1] When evidence in the shape of writings is in the possession of persons who are not parties to the action, I know of no way to obtain possession of it except by subpœna duces tecum. This method is open to the plaintiff in the action which he has brought against the executors of Mr. Busby. I can understand that he could much more effectively handle this evidence, if he could examine it at his leisure, and analyze it and digest it; and he attempts to maintain this action for the purpose of facilitating the trial of the other action by an examination of the evidence before it is presented at the trial. I know of no such action. It may be that, in the case of persons who occupy fiduciary relations to each other, the court will secure the right which each has against the other to an inspection of the records, which are the property of both by a bill in equity laid for that purpose only. But such is not the case here. The plaintiff has, as against Holt & Co., no right whatever to a discovery and inspection of records in their books. Holt & Co. are not liable to the plaintiff, either in an action upon contract or tort. They are, so far as rights and liabilities are concerned, strangers to each other.

[2] Neither can the plaintiff maintain this action upon the theory that he is subrogated to the rights of the executors of Busby to inspect the accounts of the firm of which the deceased was a member. The surviving member of a partnership takes the legal title to all the property of the partnership as the survivor of joint owners. The only liability which he is under is to account to the representatives of the deceased partner, and the only right of discovery and inspection is one incidental to such accounting. If this action can be maintained, then by parity of reasoning an action can be brought against any witness to obtain evidence in aid of another action. The remedy which the law affords plaintiff in the action brought by him and pending against the executors of Busby is the subpœna duces tecum.

The demurrers of the defendants Holt and Ammerman are sustained, and

:the motion by the defendants Leeming and Brooklyn Trust Company is granted. The decision is that the complaint does not state facts sufficient to constitute a cause of action. Judgment is directed, dismissing the complaint, with one bill of costs. Plaintiff may amend, upon payment of such costs within 20 days, if he so desires. Settle decision and order on notice.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Kellog & Emery, of New York City, for appellant.

Ivins, Mason, Wolff & Hoguet, of New York City, for respondents Holt and Ammerman.

Dykman, Oeland & Kuhn, of Brooklyn, for respondents Leeming and Brooklyn Trust Co.

PER CURIAM. Interlocutory judgment and order affirmed, with ·costs, upon the opinion of Mr. Justice Blackmar at Special Term.

---

·(155 App. Div. 420.)

GREER et al. v. SMITH (two cases).

(Supreme Court, Appellate.Division, Second Department.    February 7, 1913.)

1. PARTIES (§ 12*)—NUMEROUS PARTIES—NUISANCE.

Under Code Civ. Proc. § 448, providing that where a question is of a common or general interest of many parties, or where the persons who. might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, a number of property owners injuriously affected may sue to enjoin the owner of a plant for rendering fat and making tallow, fertilizer, etc., from pouring the refuse into brooks, and thereby disseminating odors affecting the property injuriously, in behalf of themselves and all other property owners and residents of the town similarly situated, especially in view of section 446, providing that all persons having an interest in the subject of the action and in obtaining the judgment demanded may join as plaintiffs, except as otherwise prescribed.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 12; Dec. Dig. § 12.*]

·2. PARTIES (§ 76*)—DEMURRER—OPERATION AND EFFECT.

In an action to enjoin a nuisance, a demurrer for lack of capacity in plaintiff to sue, limited to the objection that the cause of action was in the Attorney General, did not raise the misjoinder of parties and causes, on the theory that each plaintiff had a separate cause of action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

·3. NUISANCE (§ 75*)—ACTIONS—COMPLAINT—SUFFICIENCY.

In an action by owners of private property to enjoin a nuisance, a complaint alleging private injury and special damages to private property was sufficient.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 176–184; Dec. Dig. § 75.*]

Appeals from Special Term, Westchester County.

Actions by Clara A. M. Greer and others against Samuel Smith. From orders overruling the demurrer to the complaint and granting a temporary injunction, defendant brings separate appeals. Affirmed.

---

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes